UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHAN JOSE DANILO REY,<br>(A#245-335-891),<br><br>            Petitioner,<br><br>      v.<br><br>WARDEN,<br><br>            Respondent. | No.  1:26-cv-02252-DC-SCR<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a native and citizen of Colombia who has lived in the United States for approximately three and a half years.  ECF No. 1 at 5-6.  He applied for asylum and received a work permit, Social Security number, and a driver's license.  ECF No. 1 at 6.  After being arrested for driving under the influence, petitioner has been in immigration custody since February 2026.  ECF No. 1 at 5.  Petitioner is in custody at the Golden State Annex located in this judicial district.  His habeas petition challenges his immigration detention on the grounds that it violates his Fifth Amendment right to due process.  ECF No. 1 at 16.

Respondent's answer provides more details concerning petitioner's entrance into the

1

United States as well as his prior release from immigration detention. ECF No. 8. Petitioner arrived in the United States on or about October 6, 2023 and was released from immigration custody on his own recognizance two days later. ECF No. 8-1 at 1-3 (Notice to Appear); ECF No. 8-2 (Order of Release on Recognizance). After being arrested for "Excessive DUI" in Idaho, petitioner was transferred from criminal detention to the custody of Immigrations and Customs Enforcement ("ICE") on February 23, 2026. ECF No. 8-3 at 2. Despite being previously released into the United States, respondent maintains that petitioner is an "applicant for admission" who is subject to mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 8 at 1-2.

## II.    Analysis

Petitioner is a noncitizen who has been present inside the United States for several years. As a person inside the United States, petitioner is entitled to the protections of the Due Process Clause. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

In determining whether petitioner has a protected liberty interest, the Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty. See Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (finding a parolee had an interest in his continued liberty); Young v. Harper, 520 U.S. 143, 150 (1997) (applying Morrissey to pre-parole); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (finding probationers have a liberty interest). Therefore, the undersigned finds that petitioner acquired a liberty interest in his continued freedom based on DHS's decision to release him in 2023. See Doe v. Becerra, 787 F.Supp.3d 1083, 1093 (E.D. Cal. 2025).

The court applies Mathews v. Eldridge, 424 U.S. 319, 334-335 (1976), to determine

2

what process is due to petitioner based on his protected liberty interest.  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335. As to the first factor, there is no doubt that petitioner has a substantial private interest in remaining free from custody.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  Zadvydas, 533 U.S. at 690.  It appears from the record that petitioner was originally released from immigration custody on his own recognizance in 2023.  Based on this span of time in which petitioner has been at liberty, the undersigned finds that the first Mathews factor tilts in petitioner's favor.

Next, the risk of erroneous deprivation is considerable in this case.  Petitioner was previously released from immigration detention after it was determined that he was not a danger to the community or a flight risk.  There is no evidence in the record nor argument from respondent demonstrating any urgency to protect the public or prevent petitioner's imminent flight based on his misdemeanor arrest.  Therefore, the undersigned concludes that the risk of an erroneous deprivation of liberty here is considerable where no hearing has been provided to petitioner to allow a neutral arbiter to determine whether he constitutes a danger or flight risk. See Guillermo M. R. v. Kaiser, 791 F.Supp.3d 1021, 1035 (N.D. Cal. July 17, 2025) ("allowing a neutral arbiter to review [these] facts would significantly reduce the risk of erroneous deprivation").  Thus, the second Mathews factor tilts in petitioner's favor.

The third factor in the court's analysis is the government's interest including any fiscal or administrative burden that would result from additional process.  Although the government has a strong interest in enforcing immigration regulations, the effort and cost required to provide petitioner with procedural safeguards are minimal.  See Garcia v. Andrews, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025).  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured

3

by [ ] bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017); see also R.D.T.M. v. Wofford, No. 1:25-cv-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025) ("Civil immigration detention, which is nonpunitive in purpose and effect is justified when a noncitizen presents a risk of flight or danger to the community.") (cleaned up). "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

Having weighed the above Mathews factors, the undersigned concludes that petitioner had a Fifth Amendment due process right to a pre-deprivation hearing before he was re-detained. See J.L.R.P. v. Wofford, No. 1:25-cv-01464-KES-SKO (HC), 2025 WL 3190589, at *9-10 (E.D. Cal. Nov. 14, 2025); Huang v. Albarran, No. 1:25-cv-01308-JLT-EPG, 2026 WL 279888 (E.D. Cal. Feb. 3, 2026) (granting motion to reconsider and motion for a preliminary injunction finding that petitioner is likely to succeed on the merits of a due process challenge to his redetention without a pre-deprivation hearing after being released on OSUP); Alva v. Kaiser, No. 25-cv-06676-RFL, 2025 WL 2419262, *4-6 (N.D. Cal. Aug. 21, 2025) (granting preliminary injunction based on petitioner's likelihood of success on due process claim that he was entitled to a pre-deprivation hearing before an immigration judge prior to his redetention). The remedy for the Constitutional violation in this case is petitioner's immediate release from immigration detention. See Arzate v. Andrews, No. 1:25-cv-00942-KES-SKO (HC), 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025), converted to preliminary injunction sub nom, 2025 WL 2411010, at *1 (E.D. Cal. Aug. 20, 2025) (ordering immediate release for non-citizen who was redetained absent a pre-deprivation hearing despite a misdemeanor arrest while in the ATD program).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 1) is granted.

2. Petitioner's motion for the appointment of counsel (ECF No. 3) is denied as unnecessary based on the recommendation to grant the § 2241 petition.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

4

2. Respondent be ordered to immediately release petitioner JOHAN JOSE DANILO REY (A#245-335-891), based on the same conditions he was subject to immediately prior to his detention on February 23, 2026. Respondent shall not impose any additional restrictions on him unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3. If the government seeks to re-detain petitioner, it must provide no less than seven (7) days notice to petitioner and provide petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

4. The Clerk of Court be directed to serve the Golden State Annex with a copy of any final order requiring release.

5. The final order entered in this case not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5